UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NAUTILUS INSURANCE COMPANY,

    Plaintiff,

v.                                                                       Case No. 8:07-cv-1361-T-24 MAP

BATSON-COOK COMPANY, ET AL.,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Nautilus Insurance Company's ("Nautilus") Motion for Summary Judgment. (Doc. No. 104). Defendant Batson-Cook Company ("Batson-Cook") opposes the motion. (Doc. No. 110). Defendant Cooper Carry & Associates has not filed a response to the motion. Nautilus filed a reply brief. (Doc. No. 115).

**I.  Standard of Review**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006)(citation omitted). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See id. (citation omitted). When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing

there is a genuine issue for trial.  See id. (citation omitted).

**II.  Background**

Batson-Cook was the general contractor on a project known as the Renaissance Condominium project ("the Project").  Batson-Cook and B. Kaufman Co. ("Kaufman") entered into a subcontract for painting services on the Project, and the subcontract required Batson-Cook to be named as an additional insured on Kaufman's insurance policy with Nautilus.  The parties dispute whether Kaufman actually performed the painting work on the Project, or whether it was done by a separate entity.  For the purposes of this Order, the Court assumes that the painting work was done by Kaufman (as argued by Batson-Cook, the non-moving party).

The insurance policy provided by Nautilus was in effect from June 23, 2000 until it was cancelled on September 25, 2000.  (Doc. No. 110-11, p. 41).  The policy provides:

> [Nautilus] will pay those sums that the Insured becomes legally obligated to pay as damages because of . . . "property damage" to which this insurance applies. We will have the right and duty to defend the Insured against any "suit" seeking those damages.  However, we will have no duty to defend the Insured against any "suit" seeking damages for . . . "property damage" to which this insurance does not apply.

(Doc. No. 110-11, p. 12).

Additionally, the policy provides that it applies to property damage only if: "(1) The . . . 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory'; and (2) The . . . 'property damage' occurs during the policy period."  (Doc. No. 110-11, p. 12).  The policy defines "occurrence" and "property damage" as follows:

> 13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> \*     \*     \*

2

    17. "Property Damage" means:
        a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
        b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

(Doc. No. 110-11, p. 23, 24).

After the Project was completed, litigation ensued. The Renaissance Condominium Association (the "Association") sued Batson-Cook and Cooper Carry & Associates (the architect for the Project) in state court for negligent work performed on the Project that resulted in property damage. The complaint in the state court action contained a list of the allegedly defective work. (Doc. NO. 110-7). In response, Batson-Cook filed a third-party claim against Kaufman, in which it alleged that Kaufman breached their contract by failing to defend and indemnify Batson-Cook against claims made by the Association relating to the painting work. Batson-Cook also alleged that Kaufman owed it common law indemnity, because the Association was holding Batson-Cook vicariously liable for the defective painting work done by Kaufman on the Project.

Nautilus is defending Kaufman against the claims made by Batson-Cook in the state court litigation. However, Nautilus filed the instant case seeking a declaration that under its insurance policy, it is not required to defend or indemnify Kaufman for the claims made against it by Batson-Cook in the state court litigation. (Doc. No. 35). Additionally, Nautilus seeks a declaration that its policy does not provide coverage for the losses suffered by Batson-Cook. (Doc. No. 35). Thereafter, Batson-Cook filed a counterclaim against Nautilus, in which it is seeking a declaration that Nautilus owes Batson-Cook a defense and indemnity for claims made

3

against it by the Association relating to Kaufman's defective painting work.  (Doc. No. 59).

### III. Motion for Summary Judgment

In the instant motion, Nautilus moves for summary judgment against Batson-Cook and Cooper Carry & Associates ("Cooper Carry").  Nautilus makes two arguments in support of this motion: (1) Kaufman did not perform the painting work on the Project; and (2) any claim for property damage relating to the allegedly defective painting in the state court litigation is not covered under its insurance policy.  The Court need not reach Nautilus' first argument, because even assuming that Kaufman did perform the painting work at the Project, the property damage claims in the state court litigation relating to the allegedly defective painting are not covered under Nautilus' insurance policy.

In order for the property damage claims relating to the allegedly defective painting to be covered under the policy, (1) the property damage must be caused by an "occurrence" that takes place in the "coverage territory," and (2) the property damage must occur during the policy period, which ended on September 25, 2000.  Thus, two prongs must be satisfied.

Under the definition of "occurrence" set forth in the policy, Kaufman's allegedly defective painting work would constitute an occurrence and would satisfy the first prong. See U.S. Fire Ins. Co. v. J.S.U.B., Inc., 979 So. 2d 871, 888 (Fla. 2007)(interpreting the same definition of "occurrence" as including defective work).  However, there is no evidence before the Court that the second prong is met–that property damage occurred during the policy period.

It is unclear what the specific property damage is, and under the insurance policy, property damage must consist of physical injury to tangible property or loss of use of tangible property.  The Court notes that there is a list of allegedly defective work attached to the

Association's complaint in the state court litigation. However, the allegedly defective work itself cannot be considered property damage in the form of physical injury to tangible property. See id. at 889 (stating that "[i]f there is no damage beyond the faulty workmanship or defective work, then there may be no resulting 'property damage'"). Furthermore, there is no evidence before the Court that the property damage consisted of loss of use of tangible property that is not physically injured, and given that the allegedly defective work consisted of painting, it is unclear how such defective painting could lead to a loss of use of tangible property.

Accordingly, since it has not been shown that the defective painting claims relate to property damage that occurred during the policy period of June 23, 2000 through September 25, 2000, this Court finds that such claims are not covered under the insurance policy. Furthermore, since the defective painting claims are not covered under the policy, Nautilus does not have a duty to defend or indemnify Kaufman or Batson-Cook against such claims.

Cooper Carry did not respond to the motion for summary judgment. However, the amended complaint, which names Cooper Carry as a defendant, does not assert a claim against Cooper Carry, and as such, the Court finds that summary judgment cannot be granted against it. Further, since there is no request for relief against Cooper Carry in the amended complaint, the Court dismisses the purported claim against Cooper Carry.

**IV.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Nautilus' Motion for Summary Judgment (Doc. No. 104) is **GRANTED** to the extent that the Court declares that: (1) Nautilus does not have a duty to defend or indemnify Kaufman for Batson-Cook's claims against it for defective painting at

       the Project; (2) any claims for property damage relating to the allegedly defective painting at the Project are not covered under Nautilus' insurance policy; and (3) Nautilus does not have a duty to defend or indemnify Batson-Cook for the claims against it relating to the defective painting at the Project.

(2)     The Clerk is directed to enter judgment in favor of Nautilus and against Batson-Cook on Count I of Nautilus' amended complaint and on Count I of Batson-Cook's counterclaim.

(3)     Nautilus' Motion for Summary Judgment is **DENIED** as to Cooper Carry.

(4)     The Court dismisses Nautilus' claim against Cooper Carry, and as such, the Clerk is directed to enter judgment in favor of Cooper Carry to the extent that Nautilus has asserted a claim against it.

(5)     The Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** at Tampa, Florida, this 27th day of October, 2008.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record